UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KELLIE ZOELLNER and DAVID ZOELLNER, on behalf of themselves and all others similarly situated, ) ) ) ) ) | CASE NO.: |
| Plaintiffs, ) ) ) | |
| vs. ) ) | |
| LOUAL FISHHAWK, LLC, d/b/a Fishhawk Pizza and LOUIS BEVILACQUA, Individually, ) ) ) ) ) | |
| Defendants. | |

## COMPLAINT

Plaintiffs, KELLIE ZOELLNER and DAVID ZOELLNER, (collectively referred to as "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby file this Complaint against Defendants, LOUAL FISHHAWK, LLC, d/b/a Fishhawk Pizza ("FISHHAWK") and LOUIS BEVILACQUA, Individually ("BEVILACQUA") (collectively referred to as "Defendants") and state the following:

## INTRODUCTION

1.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.     The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of

living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.      To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to, liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.      The Defendants in this case violated the FLSA by failing to pay Plaintiffs and other similarly-situated employees time and one half for all of their hours worked over forty (40) each week.

7.      This action is intended to include each and every hourly-paid employee who worked for Defendants at any time within the past three (3) years.

**PARTIES**

8.      Plaintiff, and those similarly situated individuals ("class members"), were hourly paid employees who performed services for Defendants.

9.      Defendant, FISHHAWK, is a Florida Limited Liability Company.

10.      FISHHAWK is in the business of operating a restaurant. *See* Defendants' website, *available at* www.fishhawkpizzeria.com.

11.      At all times relevant to this action, BEVILACQUA was an individual resident of the State of Florida, who owned and/or operated and/or managed FISHHAWK, and who regularly exercised the authority to:

>       (a) hire and fire employees of FISHHAWK;
>
>       (b) determine the work and pay schedules for the employees of FISHHAWK;
>
>       (c) control the finances and operations of FISHHAWK; and
>
>       (d) was responsible for the overall business operations of FISHHAWK.

**JURISDICTION**

12.      This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

13.      Defendant, FISHHAWK, conducts business in, among others, Lithia, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

14.     At all times material, Defendants were employers as defined by 29 U.S.C. § 203(d).

15.     At all times material, FISHHAWK grossed more than $500,000 per year in sales or business done (exclusive of excise taxes at the retail lever which are separately stated).

16.     At all times material, FISHHAWK has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

     a.     Engaged in commerce; or

     b.     Engaged in the production of goods for commerce; or

     c.     Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. napkins, appliances, computers, cutlery).

17.     At all times material, FISHHAWK accepted payments from customers based on credit cards issued by out-of-state banks.

18.     At all times material, FISHHAWK used U.S. Mail to send and receive letters to and from other states.

19.     Therefore, FISHHAWK is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

20.     Additionally, Plaintiffs, and those similarly situated, are/were individually engaged in interstate commerce during their employment with Defendants as a result of their

routine and daily use of credit card machines which transacted business in interstate commerce on a daily basis and their handling of such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in interstate commerce on a daily basis.

## GENERAL ALLEGATIONS

21.     Plaintiff, KELLIE ZOELLNER, worked for Defendants from approximately May 2012 through March 2014, and was paid an hourly rate while performing duties as a server and front counter employee.

22.     During her employment, KELLIE ZOELLNER earned an hourly tip credit wage of $4.77 per hour, plus tips while performing duties as a server and the applicable minimum wage while performing duties at the front counter.

23.     During one or more workweeks of her employment with Defendants, KELLIE ZOELLNER worked more than forty (40) hours, but was not paid time and one half of her regular rate of pay for all hours worked over forty (40) each week.  For example, Defendants would pay Plaintiff a rate of $4.77 or the applicable minimum wage rate per hour for all hours up to and including forty (40) per week via paychecks, but would also provide her cash payments at her regular rate of pay ("straight pay") for hours exceeding forty (40) in each workweek.

24.     Plaintiff, DAVID ZOELLNER, worked for Defendants from approximately April 2012 through March 2014, as an hourly paid cook.

25.     During his employment, DAVID ZOELLNER earned an hourly rate of $11.00 per hour.

26.     During one or more workweeks of his employment with Defendants, DAVID ZOELLNER, worked more than forty (40) hours, but was not paid time and one half of his regular rate of pay for all hours worked over forty (40) each week. For example, Defendants would pay Plaintiff $11.00 per hour for all hours up to and including forty (40) per week via paychecks, but would also provide him with cash payments of $11.00 per hour ("straight pay") for all hours exceeding forty (40) in each workweek.

27.     Plaintiffs are entitled to time and one half of their regularly hourly rate for all hours worked in excess of forty (40) hours each workweek.

28.     Defendants failed to pay Plaintiffs and other similarly-situated hourly rate employees time and one half of their regular hourly rates for all of their overtime hours worked each workweek contrary to the FLSA.

29.     Upon information and belief, Defendants had a company-wide policy of paying its employees "straight pay" rather than time and one half of their regular rates for some or all hours worked over forty (40) each workweek.

30.     Upon information and belief, this common-wide pay policy was implemented so that Defendants could avoid paying proper overtime to its hourly paid employees.

31.     The persons similarly-situated to Plaintiffs for the purposes of this action are all other hourly-paid employees who worked for the Defendants during the statutory period; who worked more than forty (40) hours during one or more work weeks of their

employment with Defendants; and who were subject to Defendants' company-wide policy and practice of failing to pay proper overtime compensation.

32.     Plaintiffs and all other similarly-situated individuals are individually covered by the FLSA by virtue of the fact that they regularly handled and/or worked on goods produced for interstate commerce.

33.     Defendants did not rely upon any Department of Labor Wage and Hour Opinions in creating the pay structures of Plaintiffs and others similarly situated.

34.     Defendants did not rely upon the advice of counsel in creating the pay structures of Plaintiffs and others similarly situated.

35.     Defendants knew its conduct violated the FLSA or acted in reckless disregard for its provisions.

36.     To the extent they exist, Defendants are currently in possession of complete copies of Plaintiffs' pay and time records.

## COUNT I – UNPAID OVERTIME WAGES

37.     Plaintiffs reincorporate and adopt the allegations in paragraphs 1-36 above.

38.     Plaintiffs and those similarly situated to them worked more than forty (40) hours during one or more workweeks without receiving proper overtime compensation.

39.     Plaintiffs and those similarly situated to them are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

40.     Defendants failed to pay Plaintiffs and others similarly situated to them time and one half of their regular rate of pay for all hours worked in excess of forty (40) each week in violation of Section 7(a) of the FLSA.

41.     Defendants had a uniform policy and practice of failing to pay its employees proper overtime compensation.

42.     Defendants had a uniform policy and practice of paying its employees "straight pay" in lieu of proper overtime for some or all of the hours worked by Plaintiffs in excess of forty (40) each week.

43.     Defendant had knowledge of the overtime hours worked by Plaintiffs and those similarly situated to them.

44.     Defendants are/were aware of laws which required employees to be paid at time and one half of their regular rate of pay for hours worked over forty (40) within a workweek.

45.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, they have suffered damages, plus incurring reasonable attorneys' fees and costs.

46.     As a result of Defendants' willful violation of the FLSA, Plaintiffs, and those similarly situated to them are entitled to liquidated damages.

47.     Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, and those similarly situated employees, demand judgment against Defendants for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 4/23/14

Kimberly D. Woods, Esquire
FBN 025871
Morgan & Morgan, P.A.
20 N. Orange Avenue, 14th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
E-Mail: KWoods@forthepeople.com
Attorney for Plaintiffs